## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY MOSES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LARRY KRASER, *et al.* | : | NO. 21-5466 |

### REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                             October 28, 2022

Presently before the court is a counseled Petition for a Writ of Habeas Corpus filed by Roy Moses ("Petitioner"), pursuant to 28 U.S.C. § 2254. Petitioner challenges a May 1, 2015 Philadelphia County conviction that resulted in a term of incarceration of six to twelve years. He seeks habeas relief based upon three claims of ineffective assistance of counsel. The Honorable Joseph F. Leeson, Jr. referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner not receive habeas relief.

### I.   PROCEDURAL HISTORY[1]

The facts leading to Petitioner's conviction and sentence follow:

> On November 17, 2011, [Petitioner] was arrested during the execution of a search warrant at an apartment rented by Angel Morales at 1520 Mount Vernon Street in Philadelphia. While police officers were searching the apartment, they observed [Petitioner] stepping away from an open window. On the ground outside the window, the officers discovered several bags of crack cocaine, marijuana, and oxycodone along with a broken plate, a razor blade and a cell phone. [Petitioner] was charged with PWID [possession with intent to deliver] and other drug-related offenses.
>
> [Petitioner] moved to suppress the evidence seized during the execution of the warrant. On April 28, 2015, the trial court denied

---

[1] The information set forth in this procedural history was derived from Petitioner's Habeas Corpus Petition, the Commonwealth's Response thereto, and Petitioner's Reply.

> [Petitioner's] suppression motion, and the case immediately proceeded to a jury trial against [Petitioner] and two co-defendants, Morales and Glen Harvill. On May 1, 2015, the jury found [Petitioner] guilty of PWID and possession of drug paraphernalia. On August 19, 2015, the trial court imposed [a six to twelve year] sentence for PWID to run consecutively to [Petitioner's] federal sentence for a firearms violation. The trial court did not impose any further penalty for possession of drug paraphernalia. On August 20, 2015, [Petitioner] filed timely post-sentence motions challenging, *inter alia*, the weight of the evidence against him. By order entered on December 21, 2015, these motions were denied by operation of law. On January 18, 2016, [Petitioner] filed a timely notice of appeal, and both [Petitioner] and the trial court complied with Pa.R.A.P. 1925.

*Commonwealth v. Moses*, No. 220 EDA 2016, 2018 WL 2010432, *1 (Pa. Super. Ct. April 30, 2018) ("*Moses I*"). On direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence, on April 30, 2018.[2] The Pennsylvania Supreme Court denied *allocatur*, on October 18, 2018. *Commonwealth v. Moses*, 196 A.3d 204 (Pa. 2018).

On November 23, 2018, Petitioner filed a timely Post Conviction Relief Act Petition ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. *Commonwealth v. Moses*, No. 1067 EDA 2020, 2021 WL 1968179, *1 (Pa. Super. Ct. May 17, 2021) ("*Moses II*"). Appointed counsel filed an amended petition, on August 1, 2019. *Id*. at *2. On February 6, 2020, the PCRA court notified Petitioner that it intended to dismiss his PCRA petition without a hearing; on March 3, 2020, it did so. *Id*. On PCRA appeal, Petitioner waived his right to counsel. *Id*. at *4. The Superior Court affirmed, on May 17, 2021.[3] *Id*. at *6. Petitioner did not seek *allocatur*.

On December 15, 2021, Petitioner filed the instant, counseled habeas petition claiming trial counsel was ineffective for failing to: (1) ensure that his prior record score was calculated properly at

---

[2] On direct appeal, Petitioner claimed: (1) the evidence seized pursuant to the search warrant should have been suppressed; (2) his sentencing hearing was untimely; (3) the verdict was against the weight of the evidence; and (4) his sentence was unduly harsh and excessive. *Moses I*, at *1-*2.
[3] On PCRA appeal, Petitioner claimed only that trial counsel was ineffective for failing to seek a plea offer prior to trial. *Moses II*, at *4.

2

sentencing; (2) ensure that he was tried for the charged drug offenses instead of his alleged involvement with guns; and (3) request an expert witness instruction. Pet. at 13-34. The Commonwealth responds that all of Petitioner's claims are procedurally defaulted. Resp. at 6-13. This court agrees that Petitioner's three claims are procedurally defaulted and barred from habeas review.

## II.    DISCUSSION

Petitioner concedes that his claims are unexhausted and procedurally defaulted, because they were never presented during PCRA proceedings.[4] Pet. at 5, 13. He argues that, pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), he can excuse the default of the three claims, because PCRA counsel rendered ineffective assistance by failing to raise them in the amended PCRA petition he filed on August 1, 2019. Pet. at 13. However, Petitioner ignores the fact that he was *pro se* for his PCRA appeal and he failed to raise his three habeas claims at that stage as well. *Martinez* cannot excuse this procedural default; Petitioner offers no other cause to excuse the default, nor does he present new, reliable evidence of his actual innocence. Hence, his defaults cannot be excused and the court may not review the merits of his three claims.

There is no federal constitutional right to counsel for a state collateral attack on a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987). Hence, there is also no Sixth Amendment right to the effective assistance of counsel, if state law provides for an attorney during a state collateral attack, such as a PCRA petition. *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991). Indeed, since 1996, the habeas statute has expressly provided that a claim of ineffective assistance of state post-conviction counsel is not cognizable basis for habeas relief. 28 U.S.C. § 2254(i). Despite this well-established law, in 2012, the Supreme Court held that, the ineffective assistance of initial state post-conviction relief counsel could provide cause to excuse the procedural default of claim(s) that trial

---

[4] Because of Petitioner's concessions, the court will not repeat the well-established standards for exhaustion and procedural default.

counsel rendered ineffective assistance. *Martinez*, 566 U.S. at 17. The Court emphasized that this limited departure from the rule of *Coleman* did not apply to attorney errors beyond the first collateral proceeding. *Id.* at 15. That is, it does not apply to alleged ineffective assistance by PCRA appellate counsel. *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015). It also does not apply if, by choice, Petitioner is *pro se* during the first collateral proceeding or appeal. *See Marsalis v. Wetzel*, Civ. A. No. 16-3098, 2020 WL 6262326, *1 n.1 (E.D. Pa. Oct. 23, 2020).

These principles defeat Petitioner's assertion of cause under *Martinez*. Assuming, *ad arguendo*, that Petitioner could demonstrate that each defaulted claim had some merit and that PCRA counsel was ineffective for failing to raise each one so as to provide cause for each default in the initial PCRA proceeding, *see Martinez*, 566 U.S. at 14, there is still the problem that, while *pro se* on PCRA appeal, Petitioner also failed to present all three habeas claims to the Superior Court. This latter omission would constitute an independent failure to exhaust. *Lambert v. Blackwell*, 387 F.3d 311, 233-34 (3d Cir. 2004). Further, the failure to exhaust the claims on PCRA appeal would amount to waiver of each claim, under 42 Pa. Cons. Stat. Ann. § 9544(b); these waivers would cause a procedural default of each claim. *See Coleman*, 501 U.S. at 735 n.1; *Garcia v. Adams*, Civ. A. No. 17-5249, 2020 WL 868200, * 1 (E.D. Pa. Feb. 20, 2020). *Martinez* does not excuse this second default of each claim. *Martinez*, 566 U.S. at 15; *Marsalis*, 2020 WL 6262326, at *1 n.1. Therefore, Petitioner's three procedurally defaulted claims cannot be reviewed on their merits.

### III.     CONCLUSION

All three of Petitioner's claims are procedurally defaulted. This court finds that Petitioner cannot excuse the defaults. Reasonable jurists would not debate this court's procedural dispositions of Petitioner's claims; therefore a certificate of appealability should not issue for either claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

**RECOMMENDATION**

**AND NOW**, this 28th day of October 2022, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that all of Petitioner's claims be **DISMISSED,** without an evidentiary hearing. Petitioner has not demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

    */s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
United States Magistrate Judge