UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY MOSES, | : |
|              Petitioner, | : |
|     v. | :    No. 5:21-cv-5466 |
| | : |
| LAWRENCE KRASNER, *et al.*, | : |
|              Respondents. | : |

**O P I N I O N**
Petition for Writ of Habeas Corpus, ECF No. 1 — Dismissed

**Joseph F. Leeson, Jr.**                                                                                                                                                                                                                   January 25, 2023
**United States District Judge**

**I.      INTRODUCTION**

      Roy Moses was found guilty of criminal charges and is currently in state custody. His direct appeal and attempts at post-conviction relief proved unsuccessful. Now, in a federal writ of habeas corpus, he claims for the first time that his post-conviction counsel was ineffective for not raising various claims of ineffectiveness of his trial counsel.

      Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation (the R&R), recommending that Moses's habeas petition should be dismissed. The Magistrate Judge determined that Moses's habeas claims are unexhausted and procedurally defaulted because they were never presented to the state court.

      Moses objects to the R&R. He acknowledges that he did not present his habeas claims at the state level, but he argues that his failure to exhaust these claims should be excused because Pennsylvania procedural rules at the time barred him from raising the claims for the first time on post-conviction appeal.

Following de novo review, this Court adopts the R&R in its entirety and incorporates the same herein. Moses's objections are overruled, and his petition is dismissed. The Court writes separately to address Moses's objections.

## II.     BACKGROUND[1]

Moses was found guilty by a jury of possession with intent to distribute and possession of drug paraphernalia. He filed a direct appeal, and the Pennsylvania Superior Court affirmed the judgment of sentence. Moses was represented by the same counsel for his trial and direct appeal (Trial Counsel). The Pennsylvania Supreme Court then denied allocatur.

With new counsel (PCRA Counsel), Moses filed a Post Conviction Relief Act Petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907, the PCRA court notified Moses that it intended to dismiss his PCRA petition without a hearing and that he had 20 days to file a response. Moses filed pro se objections to the Rule 907 notice, in which he raised several claims of PCRA Counsel ineffectiveness. Despite Moses's pro se objections, the PCRA court dismissed the PCRA petition. Acting pro se, Moses appealed the dismissal of his PCRA petition in 2020, waiving his right to counsel on appeal.

On PCRA appeal, the PCRA Court noted that Moses had properly preserved the claims of ineffective PCRA Counsel that he raised in his pro se objections and addressed them on their merits. *See* ECF No. 1, Pet. Ex. D (Dec., 11, 2020 PCRA Court Opinion). Nevertheless, the Superior Court affirmed dismissal of Moses's PCRA petition on May 17, 2021.

---

[1] Instead of providing the full background of this case, the Court recites only what is relevant to the analysis in this Opinion. The facts in this Opinion's Background largely come from the Procedural History section of the R&R, and the Court notes that Moses has not objected to the Magistrate Judge's summary from that section.

Moses then filed a counseled federal habeas petition. In his petition, Moses claims, for the first time, that PCRA Counsel was ineffective for failing to raise three claims of Trial Counsel's ineffectiveness: 1) failure to ensure that his prior record score was calculated properly at sentencing; 2) failure to ensure that he was tried for the charged drug offense instead of his alleged involvement with guns; and 3) failure to request an expert witness instruction (the IAC claims). Though Moses had raised other claims of ineffectiveness of PCRA Counsel to the state court, he concedes that the IAC claims "have not been exhausted" because none "of the claims raised in [his] Petition were raised in the PCRA proceedings." Pet. at 5, 13. He also acknowledges that, because the IAC claims are unexhausted, they are "subject to procedural default." *Id*. at 13. He argues, however, that the procedural default should be excused based on *Martinez v. Ryan*, 566 U.S. 1 (2012) because he received ineffective assistance from PCRA Counsel in the initial post-conviction proceeding. *See id*.

Magistrate Judge Carol Sandra Moore Wells issued the R&R, recommending that the petition be dismissed because Moses's claims of IAC are unexhausted, procedurally defaulted, and because Moses "offers no other cause to excuse the default, nor does he present new, reliable evidence of his actual innocence." ECF No. 14, R&R 3. She reasoned that *Martinez* does not excuse the procedural default of Moses's IAC claims because he could have raised them when he acted pro se in his PCRA appeal. Citing *Martinez*, the Magistrate Judge explained that *Martinez* does not apply to attorney errors beyond the first collateral proceeding. *See id*. at 4. Nor does it apply if a petitioner is acting pro se during the first collateral proceeding or on appeal. *See id*.

Moses filed objections to the R&R. Specifically, he objects to the Magistrate Judge's determination that he could have raised his IAC claims on PCRA appeal. According to Moses, if he had raised the IAC claims on PCRA appeal, then the state court would have dismissed them

as waived because Pennsylvania procedural rules at the time barred petitioners from raising claims of ineffectiveness of PCRA counsel for the first time on appeal.

### III. LEGAL STANDARD—Petition for Writ of Habeas Corpus—Review of Applicable Law

A "writ of habeas corpus is a procedural device" that, when available, assures "that a prisoner may require his jailer to justify the detention under the law." *Peyton v. Rowe*, 391 U.C. 54, 58 (1968). When the claim presented in a federal habeas corpus petition has been adjudicated on the merits in the state courts, a federal court cannot grant habeas relief unless the state court adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). However, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." *Gray v. Delbiaso,* No. CV 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017) (citing *Becker v. Tennis*, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011)).

In addition, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

## IV.     DISCUSSION

It is well known that before a state prisoner can seek federal habeas relief, they must first exhaust their available remedies in courts of the state. 28 U.S.C. § 2254(b). In other words, any claims that a petitioner may have "must have been fairly presented to each level of the state courts" before a federal district court may review them in a habeas petition. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). However, if state procedural rules bar a prisoner from seeking further relief in state courts, and the petitioner therefore defaults their claims, then the exhaustion requirement may be met because "there is an absence of available State corrective process." *See* 28 U.S.C. § 2254(b)(1)(B)(i). Even so, a federal court cannot automatically proceed to the merits of such claims. Such claims, even though they may satisfy the exhaustion requirement for federal habeas review, have still been defaulted at the state level, so petitioners must establish cause and prejudice or a fundamental miscarriage of justice to excuse the default before federal courts may reach the merits of those claims. *See* 208 F.3d at 160.

As the Magistrate Judge pointed out, and as Moses conceded, his IAC claims are unexhausted and are therefore subject to default. Moses argues, however, that the IAC claims should be deemed exhausted because he "was already procedurally barred from presenting his claims to the Superior Court due to the ineffective performance of PCRA counsel." ECF No. 15, Obj. 2. According to Moses, he could not have presented his IAC claims on PCRA appeal because, at the time, Pennsylvania procedural rules required petitioners to raise claims of ineffective PCRA counsel in their response to the Rule 907 notice; otherwise, such claims were deemed waived. Thus, Moses argues that his IAC claims should be deemed exhausted, and their default excused, because state procedural rules barred him from seeking further relief in state courts. There are at least two problems with Moses's argument.

First, no state court ever actually deemed the IAC claims waived. Instead, Moses wants this Court to assume that if he had "presented the claims to the Superior Court or had counsel do so, the Superior Court would have promptly found those claims to be waived for PCRA counsel's failure to raise them." Obj. 3. It is true that, at the time of Moses's PCRA appeal, claims of PCRA counsel ineffectiveness were generally deemed waived if they were not raised within the 20-day response period after receiving a Rule 907 notice. *See, e.g., Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014). Thus, it is unlikely that the state court would have considered the IAC claims on their merits if Moses had raised them for the first time on appeal.

However, even if a petitioner's claims are unlikely to be considered on their merits by a state court for procedural reasons, that is not enough to excuse the exhaustion requirement. *Lambert v. Blackwell*, 134 F.3d 506, 519 (3d Cir. 1997) ("If the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings."). The bar is higher than *unlikely*; instead, a petitioner must show that his claim was, without a doubt, barred by current procedural rules at the time of the alleged default. Moses has not met that high burden here because, at the time of his PCRA appeal, there existed conflicting law on whether claims of PCRA counsel ineffectiveness were waived indefinitely if not raised during the Rule 907 20-day response period.

For starters, Rule 907 itself does not mention any such procedural rule. *See* Pa. R. Crim. P. 907. Moreover, when the PCRA was first passed, case law supports that claims of PCRA counsel's ineffectiveness could be raised for the first time on appeal. *See Bradley,* 261 A. 3d 381,

391 (Pa. 2021). Indeed, in 2009, the Pennsylvania Supreme Court held that "a defendant in a capital case may challenge the stewardship of PCRA counsel on appeal to" the Pennsylvania Supreme Court. *Commonwealth v. Ligons*, 971 A.2d 1125, 1138 (2009).

Five months later, the Pennsylvania Supreme Court seemed to change course in *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009). In two footnotes, the Pennsylvania Supreme Court explained that a petitioner waived claims of PCRA counsel's ineffectiveness by failing to raise them during the Rule 907 20-day response period. *See id.* at 879 n.3; *see also id.* at 880 n.4.

However, even after *Pitts*, it seems that the issue was not completely settled. For example, in 2011, the Pennsylvania Supreme Court explained that the waiver of claims of PCRA ineffectiveness "is not a forgone conclusion" just because they were not raised in the 20-day window after receiving a Rule 907 notice. *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 n.44 (Pa. 2011). The Pennsylvania Supreme Court explained,

> While difficult, the filing of a subsequent timely PCRA petition is possible, and in situations where an exception pursuant to § 9545(b)(1)(i-iii) can be established a second petition filed beyond the one-year time bar may be pursued. Moreover, if an appellant remains adamant that the claims foregone by counsel provide the better chance for success, he can avoid the potential loss of those claims by timely exercising his desire to self-represent or retain private counsel prior to the appeal.

*Id*.

In other words, as late as 2011, the Pennsylvania Supreme Court stated that a petitioner could raise claims of PCRA counsel's ineffectiveness on post-conviction appeal for the first time if they represented themselves during appeal or retained new counsel. *See Bradley,* 261 A.3d 381, 397 (explaining in a parenthetical that *Jette*, "seemingly . . . offer[ed] that a petitioner could raise such claims if, prior to appeal, he chose to represent himself or obtained private counsel, or, where an exception pursuant to 42 Pa.C.S. § 9545(b)(1)(i)-(iii) could be established, a second petition could be pursued"). Thus, at the time of Moses's PCRA appeal, there was at least some

case law from the Pennsylvania Supreme Court to support that there existed some avenues for Moses to present his IAC claims at the state court level even though he had not raised them in his objections to the Rule 907 notice.

Moses points to *Commonwealth v. Bradley*, 261 A. 3d 381 (Pa. 2021) to establish that the supposed procedural rule was established law at the time of his PCRA appeal in 2020. *Bradley* certainly sheds light on the history of the supposed procedural rule and clarifies that it is not to be used going forward. *See generally Bradley*, 261 A. 3d 381. However, *Bradley* was not the law at the time of Moses's PCRA appeal; it was decided in October, 2021. As a result, this Court cannot look to *Bradley* for help to determine how the PCRA court may have addressed the IAC claims; instead, it must rely on case law that existed at the time of the alleged default. At the time of Moses's PCRA appeal, though the supposed rule had been applied in a number of cases, Pennsylvania law was not entirely definitive on the issue before *Bradley*.

Besides, *Bradley* actually hurts Moses's position. In *Bradley*, the Pennsylvania Supreme Court acknowledged that it had become a matter of practice to raise claims of PCRA counsel's ineffectiveness during the Rule 907 20-day response period but also hinted that the practice was not necessarily precedent. *See* 261 A.3d at 397. The Pennsylvania Supreme Court's analysis in *Bradley* highlighted that the best procedure for raising claims of PCRA counsel's ineffectiveness had been somewhat illusive; it was for that reason that *Bradley* was needed: to firmly establish the procedural rule for raising claims of PCRA counsel's ineffectiveness going forward.

In the absence of a clear procedural rule at the time of Moses's PCRA appeal, in order to truly exhaust his IAC claims, Moses first should have raised them in his objections to the Rule 907 notice or on PCRA appeal, even if it was likely that those claims would have been dismissed by the state court for procedural reasons. Though that may seem like a pointless exercise, it is a

necessary one to support the important interests of comity and federalism. If the Court were to consider the merits of Moses's IAC claims, which are claims regarding proceedings in state courts, this Court would have to guess how the state court would have addressed the claims and accept Moses's prediction without ever giving the state court a real opportunity to address the claims. To do so would fly in the face of comity and federalism.

The second problem with Moses's argument is that it ignores the fact that he also failed to raise the IAC claims in his pro se objections to the Rule 907 notice. Even if this Court assumed with certainty that the state court would have found that Moses waived the IAC claims, and therefore deem the IAC claims exhausted, Moses would still have to establish cause and prejudice or a fundamental miscarriage of justice to excuse the default before this Court could reach the merits of the IAC claims.

Moses maintains that there was cause for the failure to raise the IAC claims in his PCRA petition due to the ineffectiveness of PCRA Counsel; he also maintains that there was cause for his failure to raise the IAC claims in his PCRA appeal due to the perceived procedural rule barring him from raising them for the first time on appeal. That is all well and good, but Moses does not offer cause for his failure to raise the IAC claims in his pro se objections to the Rule 907 notice. Indeed, Moses successfully filed pro se objections to the Rule 907 notice and even raised several claims of ineffectiveness of PCRA Counsel in his objections, preserving them for appeal. The Court sees no reason why Moses could not have done the same for his IAC claims, and Moses does not offer any reasons. As a result, he has not established cause and prejudice to excuse the default even if the IAC claims were deemed exhausted. Nor has he even attempted to argue that a fundamental miscarriage of justice should excuse the default.

Moreover, *Martinez* does not excuse the failure to raise the IAC claims in his pro se objections or his failure to raise them on appeal. Normally, a claim of ineffective assistance of state post-conviction counsel is not a cognizable basis for habeas relief. 28 U.S.C §2254(i). However, in *Martinez*, the Supreme Court held that if a state requires a defendant to defer claims of trial counsel's ineffective assistance from the direct appeal to the state collateral challenge, which Pennsylvania does, then the ineffective assistance of initial state post-conviction relief counsel can provide cause to excuse procedurally defaulted claims that trial counsel gave ineffective assistance. *Martinez*, 566 U.S. at 17. Thus, *Martinez* could provide cause to excuse PCRA Counsel's failure to raise the IAC claims in Moses's PCRA petition. However, as the Magistrate Judge pointed out, *Martinez* does not provide cause to excuse Moses's own failure to raise the IAC claims in his pro se objections and his PCRA appeal because he was acting pro se and because they were not initial post-conviction proceedings.

In sum, the Magistrate Judge was correct. Moses's IAC claims are unexhausted and procedurally defaulted. In the alternative, Moses has failed to establish cause and prejudice or a fundamental miscarriage of justice to excuse the default. As a result, Moses's objections are overruled.

V.   **CERTIFICATE OF APPEALABILITY**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

For the reasons set forth above, and those given in the R&R, Moses has failed to state a substantial showing of the denial of a constitutional right, nor would reasonable jurists find this Court's review of Moses's claims debatable or wrong. Therefore, a Certificate of Appealability shall not issue.

## VI.　CONCLUSION

The Magistrate Judge correctly determined that Moses's IAC claims are unexhausted and procedurally defaulted because they were never presented to the state courts and this Court cannot determine with a certainty how the state courts would have addressed the claims if they had been presented at the state court level. Even if the IAC claims were deemed exhausted, Moses has not established cause and prejudice or a fundamental miscarriage of justice to excuse the default because he could have raised the claims in his pro se objections to the Rule 907 notice. Finally, *Martinez* does not require this Court to review the merits of the IAC claims because it does not provide cause to excuse Moses's own failure to raise the IAC claims when he acted pro se. Moses's objections to the R&R are therefore overruled, the R&R is adopted in its entirety, and Moses's habeas petition is dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
